HARRIS (UNITED NICKEL CO. v.). See Case No. 14,407.

HARRIS (UNITED STATES v.). See Cases Nos. 15,312–15,315.

---

## Case No. 6,129.

### HARRIS et al. v. WHEELER.

[8 Blatchf. 1;[1] 14 Int. Rev. Rec. 147.]

Circuit Court, S. D. New York. March 19, 1870.

ADMIRALTY—ADVANCES TO VESSEL IN DISTRESS—REPORT OF COMMISSIONER—OBJECTION TO, ON APPEAL.

In a suit in admiralty, in personam, for alleged advances to the respondent's vessel in a port of distress, the district court, before making a decree establishing the libellant's right to recover, and before any hearing of the cause, made an order, referring it to a commissioner to ascertain and report the amount due to the libellant. He reported such amount and the proofs he had taken. No objection was taken by the respondent, before the commissioner, to the allowance made, no exceptions were filed in the district court to his report, and it did not appear that any objection was made in that court to such allowance: Held, that the respondent could not, on appeal, object to items of allowance, in respect to which it did not appear that objections had been raised in the district court.

[See note at end of case.]

[Appeal from the district court of the United States for the Southern district of New York.

[This was a libel by George Harris and others against Samuel G. Wheeler, Jr., to recover for supplies furnished to the steamer Eutaw.]

Charles Donohue, for libellants.
Lyman B. Bunnell, for respondent.

WOODRUFF, Circuit Judge. The only objection to the decree of the district court, which was suggested on the hearing of this appeal, is, that the commissioner by whom proofs of the amount due the libellants were taken and reported, erroneously allowed to the libellants commissions on advances made for supplies and repairs to the respondent's vessel, and commissions upon the value of her cargo, as compensation for services, care, and responsibility in superintending the removal of her cargo, and the preservation and relading thereof after the repairs were made. No proofs were taken in the district court, and the proceedings before the commissioner appear to have been intended and conducted as preparatory to a hearing of the cause, and before any decree establishing the libellants' right to recover. No objection appears to have been taken to the said commissions before the commissioner, and no exceptions were filed to his report, nor, so far as appears from the transcript of the proceedings, was any objection made in the district court to the allowance of the items now objected to.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Ordinarily, where the right to recover has been established by decree, and a reference is had to compute the amount of damages or sum due, the proceedings of the commissioner in allowing or rejecting items cannot be reviewed on appeal, if objections were not made before the commissioner, nor exceptions filed and passed upon in the district court. The Commander-in-Chief, 1 Wall. [68 U. S.] 43. And, where it appears that, by way of expediting the proceedings, the parties consent to a reference in advance, in order that the district court may, if a recovery is decreed, at once insert the sum reported due, I find it difficult to say that the party charged may proceed in the district court to final decree, without raising the question by exception, or in some mode that shall show that the district court was called upon to pass upon the specific objection, and afterwards, and for the first time, raise such objection in this court, on the appeal. To permit this is unfair to the appellee, who, if the objection were earlier taken, might, in very many cases, obviate the objection or supply other proof to sustain his claim.

If the reference was simply to take proofs and report them to the court, then, indeed, all questions raised before the commissioner would be before the district court at the hearing, without the necessity or propriety of filing exceptions, and it may be that all questions, whether raised before the commissioner or not, would be necessarily involved in the hearing upon those proofs, and it might be the duty of the district court to pass upon them, and the right of the appellant to be heard thereon in this court. The reference here was to ascertain and report the amount due. The liability was assumed, either by consent, or because that alone was left open for discussion. The commissioner reported the amount due and the proofs upon which that report was based. In this respect, the proceedings of the commissioner were the same as upon the usual reference to compute, after a decree establishing the right. In such case, there was certainly no technical or other difficulty in filing exceptions to be heard in the district court when the cause was brought to a final hearing, or after settling the question of liability.

In respect to the making of objections and filing of exceptions, I am clearly of opinion, that the case stands upon the usual ground; and the objections not heretofore raised should not, in respect to items of allowance, be heard in this court. The decree must, therefore, be affirmed.

[NOTE. From this decree the case was appealed to the supreme court by the original respondent (12 Wall. [79 U. S.] 136), where a motion was made to dismiss the appeal. The motion was denied in an opinion by Mr. Justice Clifford, holding that an appeal was subject to the same rules as are prescribed in law in cases of writs of error; and further, when a cause is brought here upon a writ of error sued out under that section (22 of Judiciary Act; 1 Stat. 85), and all proceedings are regular and correct, the judgment of the circuit court must be affirmed, but the cause cannot be dismissed, although there is no question presented in the record for revision. The grounds of the motion were that no exceptions were taken to the proceedings before the commissioner, or none before the court. No definite defense was set up in the answer.

[While this appeal was pending, the libellants issued execution, and the respondent made a motion to set the execution aside. It was so ordered (Case No. 6,130), the implied reason being that the said appeal was premature. A second decree was entered on May 27, 1871, reciting the decree of affirmance entered on March 19, 1870 (from which this appeal was taken), and ordering that the appellee have judgment against the appellant (Wheeler) for the costs taxed in the first decree, together with the sum claimed, amounting altogether, with interest, to the sum of $5,444.69, for which judgment was thereby entered against the appellant, and ordered that the appellees have execution therefor. From this judgment a petition of appeal was filed in the supreme court, and a motion was thereafter made to dismiss it.

[The court, in an opinion by Chief Justice Chase, dismissed the first appeal as irregular (13 Wall. [80 U. S.] 51): "It may be that the first appeal was from a decree which might be taken as final if the second decree had not been rendered." The second decree seems to have been rendered in order to settle the practice in that circuit that a decree of affirmance, without taxation of costs and without specifying the sum for which it is rendered, is not to be regarded as a final decree.]